# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8305 | **DATE** | 1/17/2012 |
| **CASE TITLE** | Compton vs. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed in forma pauperis (4) is granted. The Clerk of the Court is directed to issue summons and complaint to plaintiff's counsel for service on defendants. A status hearing is set for 2/23/12 at 10:30 a.m. Plaintiff is to notify the defendants of status date.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

### ORDER

Presently before us is Plaintiff Joy Compton's application to proceed *in forma pauperis* in her lawsuit against Michael J. Astrue, Commissioner of Social Security. Before granting leave to file *in forma pauperis*, we must first determine whether or not Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Plaintiff's complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I*, 283 Fed. Appx. 397, 399, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith,* 507 F.3d 605, 608 (7th Cir. 2007).

In support of her allegation of poverty, Plaintiff submitted the required financial affidavit. She states that she is not currently employed. (Aff. ¶ 2.) Plaintiff states that she receives $318 monthly in welfare assistance, as well as support from food stamps. (*Id.* ¶ 4.) She further declares that she has no additional sources of income, no assets, and no bank accounts containing more than $200. (*Id.* ¶¶ 4–9.) She is responsible for the care of her teenaged dependent child, and participates in a housing assistance program after being homeless. (*Id.* ¶ 10.) Plaintiff's annual income is less than $9000 (even including the value of her food stamps), placing her well under the poverty guideline for a two-person household as established by the Department of Health & Human Services. (*See* Health & Human Services 2011 Poverty Guidelines, setting the guideline at $14,710 for a two-person household.) We thus find Plaintiff's allegation of poverty to be true.

According to the complaint, the Social Security Administration denied Plaintiff's application for disability benefits. (Compl. ¶¶ 2–7.) Plaintiff alleges that this determination does not comport with the purposes of the Social Security Act and, moreover, is contrary to the evidence in this matter. (*Id.* ¶ 7.) Based on our initial review of the complaint, we conclude that Plaintiff has stated a claim upon which relief may be granted.

## STATEMENT

For the foregoing reasons, we grant Plaintiff's application to proceed *in forma pauperis*. It is so ordered.